1  RAYMOND H. HUA (SBN 222466)
     rhua@yukelaw.com
2  JEFFREY W. CALIGIURI (SBN 273908)
     jcaligiuri@yukelaw.com
3  YUKEVICH | CAVANAUGH
   355 S. Grand Avenue, 15th Floor
4  Los Angeles, California 90071-1560
   Telephone:  (213) 362-7777
5  Facsimile:  (213) 362-7788
6  Attorneys for Defendant
   FORD MOTOR COMPANY

7

8              **UNITED STATES DISTRICT COURT**

9      **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

10

| | |
|---|---|
| 11  ACSC MANAGEMENT SERVICES, INC., | CASE NO. 8:16-cv-00434 CJC (KESx) |
| 12                     Plaintiff, | ~~[PROPOSED]~~ STIPULATED SHARING AND NON-SHARING PROTECTIVE ORDER |
| 13  vs. | |
| 14  FORD MOTOR COMPANY, | |
| 15                     Defendant. | |
| 16 | |

17

18        In order to preserve and maintain the confidentiality of certain confidential,

19  commercial, and/or proprietary documents and information produced or to be

20  produced by defendant FORD MOTOR COMPANY ("Ford") or by any party in this

21  action, IT IS HEREBY STIPULATED by and between Ford and plaintiff ACSC

22  MANAGEMENT SERVICES, INC., by and through their respective counsel of

23  record, as follows:

24        1.     Documents or information to be produced or provided by Ford or any

25  party in this litigation that contain confidential, commercially sensitive, private

26  personal information, and/or proprietary information may be designated as

27  confidential by marking or placing the applicable notice "Subject to Non-Sharing

28  Protective Order," "Subject to Protective Order," or "Confidential" or substantially

1  similar language on media containing the documents, on the document itself, or on a

2  copy of the document, in such a way that it does not obscure the text or other content

3  of the document.

4      2.    As used in this Order, the terms "documents" or "information" mean all

5  written material, electronic data, videotapes, and all other tangible items, produced

6  in whatever format (e.g., hard copy, electronic, digital, etc.) and on whatever media

7  (e.g., hard copy, videotape, computer diskette, CD-ROM, DVD, by secure electronic

8  transmission, hard drive, or otherwise).

9      3.    Documents or information designated as "Subject to Non-Sharing

10  Protective Order," "Subject to Protective Order," or "Confidential" or substantially

11  similar language in accordance with the provisions of this Order ("Protected

12  Documents" or "Protected Information") shall only be used, shown, or disclosed as

13  provided in this Order. However, nothing in this Order shall limit a party's use or

14  disclosure of his or her own information designated as a Protected Document or

15  Protected Information.

16      4.    If a receiving party disagrees with the "Protected" designation of any

17  document or information, such party must notify the producing party in a written

18  letter identifying the challenged document(s) or information with specificity,

19  including Bates-number(s) where available, the receiving party's position, and the

20  specific grounds for the objection to the designation. The producing party will then

21  respond to each objection in writing and identify why the challenged designation

22  was made. If the parties are unable resolve any disagreements over the challenged

23  document(s) or information in writing, counsel for the parties will meet and confer

24  telephonically or in person pursuant to and in accordance with Central District of

25  California Civil Local Rule ("Local Rule") 37-1. If the parties are unable to resolve

26  the issue of confidentiality regarding the challenged document(s) or information

27  through these meet and confer efforts, the parties will prepare moving papers in

28  accordance with Local Rule 37-2 for the purpose of establishing that the challenged

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1  document(s) or information is/are confidential, or may request an informal
2  telephonic conference pursuant to and in accordance with the Court's procedures.
3  For purposes of the joint stipulation required by Local Rule 37-2, the producing
4  party is the moving party. Protected Documents will continue to be treated as such
5  pending determination by the Court as to the confidential status.

6       5.     Protected Documents and any copies thereof shall be maintained
7  confidential by the persons authorized to receive the documents pursuant to
8  Paragraph 6 and shall be used only for prosecuting, defending, or attempting to settle
9  this litigation, subject to the limitations set forth herein and subject to applicable
10  federal, local, and Court rules concerning the handling of confidential documents by
11  the Court, the Court's staff, and its personnel.

12       6.     Protected Documents shall be disclosed only to "Qualified Persons."
13  Qualified Persons are limited to:

14          a.     Counsel of Record for the parties, and the parties;

15          b.     Paralegals and staff employed by Counsel of Record and
16                involved in the preparation and trial of this action;

17          c.     A vendor hired by a party to host data and maintain a database of
18                electronic data or perform other work related to the collection,
19                review, or production of documents in the case;

20          d.     Experts and non-attorney consultants retained by the parties for
21                the preparation and/or trial of this case, provided that no
22                disclosure shall be made to any expert or consultant who is
23                employed by a competitor of Ford;

24          e.     Witnesses during depositions;

25          f.     The Court and the Court's staff; and

26          g.     With respect to documents designated as "Sharing" or "Subject to
27                Protective Order," attorneys representing plaintiff(s) and the
28                experts and non-attorney consultants retained by such attorneys,

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1    in other cases pending against Ford involving a 2000 Ford F-150,

2    2001 Ford F-250, or 2002 Ford F-150 involved in a fire with

3    claims that the vehicle's speed control deactivation switch was

4    defective, provided no disclosure shall be made to any expert or

5    consultant who is employed by a competitor of Ford.

6    7.    The receiving party must make reasonable efforts to ensure the

7    individuals described in Paragraphs 6(b), 6(c), 6(d), 6(e), and 6(g) above are

8    Qualified Persons.

9    8.    Before receiving access to any Protected Document or the information

10    contained therein, each person described in Paragraphs 6(b), 6(c), 6(d), 6(e), and

11    6(g) above shall execute a "Written Assurance" in the form contained in Exhibit A,

12    attached hereto. The receiving party shall retain each such executed Written

13    Assurance and shall keep a list identifying (i) all persons described in Paragraphs

14    6(b), 6(c), 6(d), 6(e), and 6(g) above to whom Protected Documents have been

15    disclosed, and (ii) all Protected Documents disclosed to such persons. Each such

16    executed Written Assurance and list shall be submitted to counsel for Ford at the

17    termination of this litigation or upon order of the Court requiring production,

18    whichever comes first. However, for consulting experts who were not designated as

19    testifying experts, the receiving party may redact the name, address, and signature of

20    the consultant before disclosing the executed Exhibit A and document list for that

21    person. To the extent the "Qualified Persons" described in Paragraph 6(d) and 6(g)

22    above include privileged non-testifying expert consultants, the receiving party shall

23    retain each such executed Exhibit A and shall keep a list identifying (i) all such non-

24    testifying expert consultants described in Paragraphs 6(d) and 6(g) above to whom

25    Protected Documents have been disclosed, and (ii) all Protected Documents

26    disclosed to such persons. In the event that Ford (or the producing party) seeks to

27    compel the production of each unredacted and executed Exhibit A for good cause,

28    the receiving party shall submit each unredacted and executed Exhibit A and list to

STIPULATED SHARING AND NON-SHARING PROTECTIVE ORDER

1  the Court for *in camera* inspection. Persons described in Paragraph 6(b) shall be

2  covered under the signature of Counsel of Record.

3      9.      As the Protected Documents may only be distributed to Qualified

4  Persons, Qualified Persons may not post Protected Documents on any website or

5  internet accessible document repository, excepting the Court, the Court's staff, and

6  its personnel subject to the applicable federal, local, and Court rules concerning the

7  handling of confidential documents by the Court and its personnel, and excepting a

8  vendor hosted review platform for the sole purpose of reviewing the information for

9  the subject case and not for any other purpose, and shall not under any circumstance

10  sell, offer for sale, advertise, or publicize either the Protected Documents and the

11  Confidential information contained therein or the fact that such persons have

12  obtained Ford's (or the producing party's) Protected Documents and confidential

13  information.

14      10.     To the extent that Protected Documents or information obtained

15  therefrom are used in the taking of depositions (including exhibits) or other pretrial

16  testimony, such documents or information shall remain subject to the provisions of

17  this Order, along with the transcript pages of the testimony dealing with, referring to,

18  or referencing the Protected Documents or information. Designation of the portion

19  of the transcript (including exhibits) which contains references to Protected

20  Documents or information shall be made (i) by a statement to such effect on the

21  record during the proceeding in which the testimony is received, or (ii) by written

22  notice served on counsel of record in this Litigation within thirty (30) business days

23  after the receipt of the draft or final transcript (whichever is received earlier) of such

24  proceeding (as used herein, the term "draft transcript" does not include an ASCII or

25  rough transcript). However, before such thirty (30) day period expires, all

26  testimony, exhibits, and transcripts of depositions or other testimony shall be treated

27  as Protected Documents. All portions of transcripts not designed as Confidential

28  within the time frame provided herein shall be deemed not confidential.

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

11. If any party disagrees with the designation of all or part of a deposition transcript designated as "Protected" pursuant to Paragraph 10 above, such party must notify the designating party in a written letter identifying the testimony (by line and page designation), the objecting party's position, and the specific grounds for the objection to the designation. The designating party will then respond to each objection in writing and identify why the challenged designation was made. If the parties are unable resolve any disagreements over the challenged designation in writing, counsel for the parties will meet and confer telephonically or in person pursuant to and in accordance with Local Rule 37-1. If the parties are unable to resolve the issue of confidentiality regarding the challenged deposition testimony through these meet and confer efforts, the parties will prepare moving papers for the purpose of establishing if the challenged deposition testimony is confidential in accordance with Local Rule 37-2, or may request an informal telephonic conference pursuant to and in accordance with the Court's procedures. For purposes of the joint stipulation required by Local Rule 37-2, the designating party is the moving party. The designated deposition testimony at issue, and any related exhibits, will continue to be treated as a Protected Document, in accord with its respective designation, pending determination by the Court as to the confidential status.

12. Before filing any Protected Documents or Protected Information with the Court, the filing party and the party producing the Protected Documents or Protected Information must confer regarding redaction as required by Local Rule 79-5. If an agreement regarding redaction cannot be reached, the filing party shall file an Application for Leave to File Under Seal in accordance with Local Rule 79-5 and any other applicable Federal or Local Rules. Absent written permission from the producing party, a ruling from the Court, or a Court order denying an Application for Leave to Seal, a receiving party may not file in the public record any Protected Documents or Protected Information.

13. To the extent Ford (or the producing party) is requested to produce

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1 documents it has determined should not be subject to the sharing provision of this

2 Protective Order in Paragraph 6(g), Ford (or the producing party) will designate such

3 documents as "Non-Sharing." Documents designated as "Non-Sharing" shall not be

4 shared under Paragraph 6(g).

5      14. With respect to Protected Documents designated as "Non-Sharing,"

6 within one hundred and twenty (120) days after the conclusion of this case, counsel

7 for the parties who received Protected Documents, including any documents that any

8 such party disclosed to any person described in Paragraph 6(b) or (c) above, shall

9 either (i) return to Ford (or the producing party) the Protected Documents, or (ii)

10 securely destroy the Protected Documents and certify such destruction to Ford (or

11 the producing party) within one hundred and fifty (150) days after the conclusion of

12 this case.

13      15. With respect to documents designated as "Sharing" or "Subject to

14 Protective Order," Counsel for the parties shall not be required to return the

15 Protected Documents to Ford after the conclusion of this case and may retain the

16 documents pursuant to the terms of this Order.

17      16. Submission to regulatory agency or governmental entity:

18           a. This Protective Order shall not be construed to prohibit Ford's

19                disclosure or production of safety-related information to a

20                regulatory agency or governmental entity with an interest in the

21                safety-related information. Material subject to this Protective

22                Order may only be disclosed to a regulatory agency or

23                governmental entity with an interest in the safety-related

24                information by Ford, and such disclosure shall be made pursuant

25                to 49 CFR 512 or similar applicable rules.

26           b. If other parties to this Protective Order have a reasonable belief

27                that certain documents are safety-related and need to be disclosed

28                to a regulatory agency or governmental entity, they are not

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1    prohibited from advising the regulatory agency or governmental

2    entity that they believe such documents were produced in this

3    case, however, any disclosure of such documents shall adhere to

4    the procedure described in Paragraph 16(a).

5    17.    Inadvertent or unintentional production of documents or information

6 containing confidential information that should have been designated as Protected

7 Document(s) shall not be deemed a waiver in whole or in part of the party's claims

8 of confidentiality.

9    18.    The parties may disclose and produce responsive documents to each

10 other in this litigation, and seek to do so without risking waiver of any attorney-

11 client privilege, work product, or other applicable privilege or protection.  As such,

12 the parties will adhere to the following procedures with regard to the production of

13 privileged or protected material, should that occur:

14    a.    The production of documents (including both paper documents

15    and electronically stored information or "ESI") subject to

16    protection by the attorney-client and/or work product doctrine or

17    by another legal privilege protecting information from discovery,

18    shall not constitute a waiver of any privilege or other protection,

19    provided that the producing party notifies the receiving party, in

20    writing, of the production after its discovery of the same.

21    b.    If the producing party notifies the receiving party after discovery

22    that privileged materials (hereinafter referred to as the "Identified

23    Materials") have been produced, the Identified Materials and all

24    copies of those materials shall be returned to the producing party

25    or destroyed or deleted, on request of the producing party.  The

26    producing party will provide a privilege log providing

27    information upon request or if required by the Federal Rules of

28    Civil Procedure and applicable case law to the receiving party at

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1 the time the producing party provides the receiving party notice

2 of the Identified Materials.  If the receiving party has any notes or

3 other work product reflecting the contents of the Identified

4 Materials, the receiving party will not review or use those

5 materials unless a court later designates the Identified Materials

6 as not privileged or protected.

7 c. The Identified Materials shall be deleted from any systems used

8 to house the documents, including document review databases, e-

9 rooms, and any other location that stores the documents.  The

10 receiving party may make no use of the Identified Materials

11 during any aspect of this matter or in any other matter, unless the

12 documents have been designated by a court as not privileged or

13 protected.

14 d. The contents of the Identified Materials shall not be disclosed to

15 anyone who was not already aware of the contents of them before

16 the notice was made.  The receiving party must take reasonable

17 steps to retrieve the Identified Materials if the receiving party

18 disclosed the Identified Materials before being notified.

19 e. If any receiving party is in receipt of a document from a

20 producing party which the receiving party has reason to believe is

21 privileged, the receiving party shall in good faith take reasonable

22 steps to promptly notify the producing party of the production of

23 that document so that the producing party may make a

24 determination of whether it wishes to have the documents

25 returned or destroyed pursuant to this Stipulation and Order.

26 f. The party returning the Identified Materials may move the Court

27 for an order compelling production of some or all of the

28 Identified Material returned or destroyed, but the basis for such

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1    motion may not be based on the fact or circumstances of the

2    production.

3        g.    The disclosure of Identified Materials in this action is not a

4              waiver of the attorney-client privilege, work product doctrine, or

5              any other asserted privilege in any other federal or state

6              proceeding, pursuant to Rule 26(b) of the Federal Rules of Civil

7              Procedure and Rule 502(d) of the Federal Rules of Evidence.

8    19.    No provision of this stipulated Order shall constitute a concession by

9 any party that any documents are subject to protection by the attorney-client

10 privilege, the work product doctrine, or any other potentially applicable privilege or

11 doctrine. No provision of this stipulated Order is intended to waive or limit in any

12 way either party's right to contest any privilege claims that may be asserted with

13 respect to any of the documents produced except to the extent set forth herein.

14    20.    In the event that a party produces a document without a confidentiality

15 designation as permitted by this Order, the following procedures shall apply:

16        a.    The producing party shall, within fourteen (14) days of the

17              discovery of the disclosure, notify the other party in writing. The

18              party receiving such notice shall promptly destroy the document,

19              including any copies it has, or return the document on request of

20              the producing party. Within ten (10) days after such document is

21              returned or its destruction certified, the producing party will

22              produce a new version of any such document that was returned or

23              destroyed, which will contain the appropriate confidentiality

24              designation.

25        b.    If the receiving party disputes the producing party's claim of

26              confidentiality, that party may move the Court to challenge the

27              confidential designation in accordance with Paragraph 4 of this

28              Order. If the receiving party elects to file such a motion, the

STIPULATED SHARING AND NON-SHARING PROTECTIVE ORDER

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1  receiving party may retain possession of the document, but shall

2  treat it in accordance with the terms of the Protective Order

3  pending resolution of the motion. If the receiving party's motion

4  is denied, the parties shall promptly comply with Paragraph 18(a)

5  of this Order.

6      c.    The production of such document does not constitute a waiver of

7  any claim of confidentiality as set forth in this order or any other

8  matter in any other jurisdiction, unless otherwise ordered by the

9  Court.

10      21.    This Protective Order may not be waived, modified, abandoned, or

11  terminated, in whole or part, except by court order. If any provision of this

12  Protective Order shall be held invalid for any reason whatsoever, the remaining

13  provisions shall not be affected thereby.

14      22.    After termination of this litigation, the provisions of this Order shall

15  continue to be binding and any party may enforce the provisions of this Order in any

16  court of competent jurisdiction. Any violation of this Order may be punished by any

17  and all appropriate measures including, without limitation, contempt proceedings or

18  monetary sanctions.

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1       23.    This Protective Order shall be binding upon the parties hereto, upon

2 their attorneys, and upon the parties' and their attorneys' successors, executors,

3 personal representatives, administrators, heirs, legal representatives, assigns,

4 subsidiaries, divisions, employees, agents, independent contractors, or other persons

5 or organizations over which they have control.

6       IT IS SO STIPULATED.

7

8 DATED: June 16, 2017       YUKEVICH | CAVANAUGH

9

10                         By:

11                         Raymond H. Hua

12                         Jeffrey W. Caligiuri

13                         Attorneys for Defendant
                             FORD MOTOR COMPANY

14 DATED: Jun 15, 2017      DE LA FLOR & ASSOCIATES

15

16                         By:

17                         Andrew R. de la Flor

18                         Attorneys for Plaintiff
                        ACSC MANAGEMENT SERVICES, INC.

19

20       FOR GOOD CAUSE SHOWING, IT IS SO ORDERED.

21

22 DATED: _____ June 21. 2017 _____

23

24                         Hon. Karen E. Scott

25                         United States Magistrate Judge

26

27

28

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1683567.1 / 34-1249               12           8:16-cv-00434 CJC (KESx)
STIPULATED SHARING AND NON-SHARING PROTECTIVE ORDER

## EXHIBIT A

AFFIDAVIT OF _____, being duly sworn and personally appearing before the undersigned attesting officer, duly authorized by law to administer oaths, deposes and says that the within statements are true and correct:

    1.    I have read the Stipulated Sharing and Non-Sharing Protective Order attached hereto, and I understand its terms and meanings.

    2.    I agree that my signature below submits me to the jurisdiction of the United States District Court for the Central District of California, in the above-captioned case, and binds me to the provisions of the Stipulated Sharing and Non-Sharing Protective Order, including to all promises undertaken in the Order, as if originally agreed by me.

    Further Affiant sayeth not.

This _____ day of _____, 20____.


_____
                             AFFIANT


SUBSCRIBED AND SWORN to before me
this ____ day of _____, _____.


_____
NOTARY PUBLIC
Name: _____
No.: _____
My Commission Expires: _____